IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | ) | |
|---|---|---|
| MW BUILDERS, INC. f/n/a | ) | |
| MW BUILDERS OF TEXAS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 13-1023 C |
| v. | ) | (Judge Braden) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION *IN LIMINE* TO PRECLUDE
PRIVILEGED TRIAL TESTIMONY OF ATTORNEY WITNESSES**

Pursuant to the Court's scheduling order dated April 8, 2016, defendant, the United States, respectfully requests that the Court preclude plaintiff, MW Builders, Inc. (MW Builders) from asking any questions of attorney fact witnesses that may implicate attorney-client privilege. Despite defendant's repeated requests to enter into a stipulation to limit the scope of the attorneys' testimony, the Court's involvement is necessary and this motion should be granted.

The parties both intend to call as witnesses at trial Kevin Finley, a U.S. Army Corps of Engineers (Corps) attorney, and Rebecca Risse, a former attorney of Nevada Power, doing business as NV Energy. Although defendant initially objected to Mr. Finley's being called as a witness out of concern about the risk for disclosure of privileged information, defendant recognizes that Ms. Risse and Mr. Finley had conversations and email exchanges with third parties (each other) that are relevant to this dispute and that are not protected by the attorney-client privilege. *See generally* Defendant's Proposed Findings Of Fact and Conclusions of Law, at 37-43 (ECF No. 76). And, although MW Builders appears to agree that questions that veer into attorney-client privileged areas are off-limits, it is unwilling to enter into a stipulation to that effect but instead advised that we should object as necessary.

The "attorney-client privilege is the oldest of the privileges for confidential communications known to the common law." *Upjohn Co. v. United States,* 449 U.S. 383, 389 (1981). "The assertion of privileges are strictly construed because privileges impede full and free discovery of the truth." *Cabot v. United States,* 35 Fed. Cl. 442, 444 (1996). "The objectives of the attorney-client privilege apply to governmental clients. 'The privilege aids government entities and employees in obtaining legal advice founded on a complete and accurate factual picture.'" *United States v. Jicarilla Apache Nation,* 564 U.S. 162, 169-70 (citing 1 Restatement (Third) of the Law Governing Lawyers § 74, Comment b, pp. 573-574 (1998)).

An inherent problem with calling an attorney as a witness is that the attorney-client privilege could be violated or inadvertently waived. In our view, by clarifying the scope of the attorneys' testimony prior to trial, the parties can avoid needless, and repeated, objections to protect the privilege; can better prepare their examinations of both witnesses; and can avoid engaging in disputes to be resolved in open Court. To provide clarity on this issue and to address NV Energy's own concerns about its former attorney testifying during the trial about privileged company matters, we respectfully request that the Court order as follows:

Questions of attorneys shall be limited to factual matters and be posed to avoid inquiry or exposure of attorney-client communications and attorney-client privileged subjects.

## **CONCLUSION**

For the foregoing reasons, we respectfully request that the Court grant this motion in *limine* and limit the scope of testimony by attorneys called as witnesses to non-privileged matters as set forth above.

Respectfully Submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

ROBERT E. KIRSCHMAN, JR.
Director

/s/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

/s/ Alexander O. Canizares
ALEXANDER O. CANIZARES
Trial Attorney
AMELIA R. LISTER-SOBOTKIN
Trial Attorney
ERIN K. MURDOCK-PARK
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Washington, DC 20530
Telephone: (202) 305-3274
Facsimile: (202) 514-8624

April 22, 2016         Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of April, 2016, a copy of the foregoing "DEFENDANT'S MOTION *IN LIMINE* TO PRECLUDE PRIVILEGED TRIAL TESTIMONY OF ATTORNEY WITNESSES" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Alexander O. Canizares